IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIKI EARL, <br> (TDCJ-CID #76066) | § § § § § § § § § § § | |
| Plaintiff, | | |
| vs. | | CIVIL ACTION H-10-0696 |
| SHERIFF'S ASSOCIATION, *et al.*, | | |
| Defendants. | | |

**MEMORANDUM AND OPINION**

Mariki Earl is an inmate in the Fort Bend County Jail. He sued in February 2010, proceeding *pro se* and *in forma pauperis*, alleging that the Sheriff's Association Officers' Union ("Officers' Union"), the T-Ley Family, and the Fat Mouth Family violated his due process rights.

The threshold issue is whether Earl's claims may proceed. For the reasons stated below, this court concludes that the claims lack merit as a matter of law. The case is dismissed by separate order.

**I.      The Plaintiff's Allegations**

In rather rambling and disjointed pleadings, Earl states that he is suing the T-Ley Family and the Fat Mouth Family for their involvement in his arrest. Earl claims that these defendants sold his "rights" to the Sheriff's Association Officers' Union for $1,000 per month. He states that the Officers' Union is trying to negotiate Earl's trademarks and patents while keeping him under their control. Earl claims that:

> the motive came about when they hired Pokey to get me in the car and ride me up the street and put that gun out on me. And I got the best of them and made him bring me back home to the folks who ordered

> the hit look like a [illegible]. They came up with this scheme with the Crash Department because the original plan was after they took out life insurance on me they was to slide the person they knew I was cool with to pull the hit.

Earl claims that the T-Ley and Fat Mouth families are doing business with KGB and radical Muslim groups. Earl is suing the two families for $1,500,000.00. He also sues the Officers' Union for $100,000,000.00, alleging infringement of intellectual property. He sues court personnel for $350,000,000.00 for malicious prosecution and seeks release from his detention.

## II. Analysis

A district court may summarily dismiss a complaint filed *in forma pauperis* if it "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Henson-El v. Rogers,* 923 F.2d 51, 53 (5th Cir.), *cert. denied,* 501 U.S. 1235 (1991). A complaint is without an arguable basis in law if it is based on an untenable or discredited legal theory. *Neitzke,* 109 S. Ct. at 1831. A claim is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999); *see also Denton v. Hernandez,* 504 U.S. 25, 32 (1992).

Earl has a history of filing frivolous pleadings. In an order entered on November 12, 2008, in Civil Action Number 4:08-2448, this court described Earl as a frequent filer in federal courts. Previous cases filed by Earl have been dismissed for want of prosecution or lack of merit: *Earl v. State of Tex.,* H-01-cv-0264 (S.D. Tex. Oct. 23, 2001); *Earl v. Soc. Sec. Admin.,* H-02-cv-2705 (S.D. Tex. Oct. 28, 2002); *Earl v. McGee,* H-99-cv-3710 (S.D. Tex. March 9, 2001) (frivolous). Because of his record of filing disjointed complaints of dubious merit, he has been warned against filing

frivolous complaints. *See In re: Mariki Earl*, Misc. No. H-03-0298 (warning Earl that future suits will be dismissed if frivolous). Some of Earl's more recent complaints are: *Earl v. Halliburton*, H-08-cv-2448 (dismissed as frivolous); *Earl v. Cormack*, H-08-cv-3153 (dismissed as frivolous); *Earl v. NPC-Neuropsychiatric Ctr.*, H-08-cv-3241 (dismissed for want of jurisdiction); *Earl v. Harris Cnty. Psychiatric Ctr.*, H-08-cv-3264 (presented as a habeas petition) (dismissed without prejudice for lack of exhaustion); *Earl v. Soc. Sec. Admin.*, H-08-cv-3265 (dismissed as frivolous); *Earl v. Halliburton*, H-08-2448 (dismissed because pleadings were delusional); *Earl v. Fort Bend County Jail*, H-09-3094 (noting that the plaintiff has filed numerous lawsuits that the district court dismissed as frivolous or for failure to state a claim but that he has not been barred under the "three-strikes" rule of 28 U.S.C. § 1915(g) because he filed several of these complaints while in a mental health facility); *Earl v. Fort Bend County Jail*, H-09-3094 (dismissed as frivolous and for failure to state a claim).

In the instant case, Earl does not present a logical set of facts to support any claim for relief. Instead, his complaint presents allegations that are fanciful and delusional, warranting dismissal.

Alternatively, the court finds that Earl's claims lack merit. Earl alleges that the Officers' Union conspired with two families to arrest him and prevent his release from custody. Unions are not state actors. *Messman v. Helmke*, 133 F.3d 1042, 1044 (7th Cir. 1998). Earl fails to allege that the Officers' Union or the families are state actors or acted in concert with state actors. The "under color of state law" element of § 1983 excludes merely private conduct. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *see also Laredo Fraternal Order of Police, Lodge 911 v. City of Laredo, Tex.*, 2005 WL 1189839, *3 (S.D. Tex. Apr. 29, 2005) ("private entities such as unions

are not state actors and therefore do not act under color of law") (citing *Hudson v. Chicago Teachers Union Local No. 1*, 743 F.2d 1187, 1190-91 (7th Cir. 1984)).

The conduct of private actors, such as the Officers' Union and the two families mentioned by Earl, is not "state action" under 42 U.S.C. § 1983. *See Briscoe v. LaHue*, 460 U.S. 325, 329 (1983). Earl has failed to plead facts showing that he has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law.

Additionally, Earl's conspiracy claim is meritless. Earl asserts that members of the Officers' Union are conspiring with two families to cause his arrest and detention. The elements of civil conspiracy are a violation of a right protected under federal law and actions taken in concert by the defendants with the specific intent to violate that right. *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir.), *cert. denied*, 513 U.S. 868 (1994). A plaintiff who asserts a conspiracy claim under the civil rights statutes must plead the "operative facts" showing an illegal agreement; "bald allegations" of an agreement do not suffice. *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987); *Arsenaux v. Roberts*, 726 F.2d 1022, 1023-24 (5th Cir. 1982). Earl's conspiracy allegations fail because he has failed to allege a federal constitutional violation.

### III. Conclusion

The action filed by Mariki Earl (Fort Bend County Jail #76066) is frivolous. His claims are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i). Any remaining pending motions are denied as moot.

The Fort Bend County Jail must continue to deduct twenty percent of each deposit made to Earl's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) Fort Bend County Jail, Inmate Trust Fund, 1410 Williams Way Blvd., Richmond, Texas 77469; and

(2) the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED on November 29, 2010, at Houston, Texas.

---
Lee H. Rosenthal
United States District Judge